Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| BENÍTEZ GROUP, INC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE NAGUABO, REPRESENTADO POR SU ALCALDESA, HON. MIRAIDALIZ ROSARIO PAGÁN<br><br>Recurrido | KLRA202500261 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Municipio Autónomo de Naguabo<br><br>Subasta Núm.: 2<br><br>Sobre:<br>Serie para la compra de vehículos bajo la Administración Federal de Transporte "Federal Transit Administration" |

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2025.

Comparece ante nos la parte recurrente, Benítez Group, Inc., mediante revisión judicial y solicita que revisemos la adjudicación de subasta enmendada emitida por la Junta de Subastas del Municipio Autónomo de Naguabo el 31 de enero de 2025, notificada el 21 de abril del mismo año.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial, por falta de jurisdicción. Veamos.

**I**

El 31 de enero de 2025, notificada el 21 de abril del mismo año, la Junta de Subastas del Municipio Autónomo de Naguabo (Junta) emitió la *Notificación de Adjudicación Enmendada* de la

Número Identificador

SEN2025 _____

Subasta Núm. 02 Serie 2024-2025 que nos ocupa.[1] Dicha subasta fue sobre la compra de vehículos bajo la administración federal de transporte "Federal Transit Administration" (FTA). En la referida subasta participaron los siguientes licitadores: Transporte Sonell, Centrocamiones, Inc., Caguas Expressway, Autos Vega y Benítez Group, Inc. (recurrente). De acuerdo con la propuesta y cotización presentada, la Junta adjudicó la buena pro a la compañía Centrocamiones, Inc.

Inconforme con la determinación de la agencia, el 6 de mayo de 2025, la parte recurrente compareció ante nos y señaló los siguientes errores:

> Erró la Honorable Junta de Subastas del Municipio Autónomo de Naguabo, al no adjudicar la subasta a Ben[í]tez Group[,] Inc[.], siendo mejor postor por precio unitario y d[í]as de ejecuci[ó]n que el licitador favorecido.

> Err[ó] la Honorable Junta [de Subastas del Municipio Autónomo de Naguabo] al determinar que Ben[í]tez Group[, Inc.] no cuenta con el aire acondicionado solicitado ni con el "bus door" requerido para el transporte colectivo; ni cumple con las normas de la Federal Transportation Association (FTA) ni la "American With Disabilities Act (ADA)"[.]

Hemos examinado con detenimiento el escrito y el apéndice sometido por la parte recurrente, y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5). Resolvemos.

## II

## A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024); *FCPR v. ELA et al.*, 211 DPR

---

[1] Anejo VI del recurso, págs. 171-178.

521 (2023); *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022). Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *R&B Power, Inc. v. Junta de Subasta ASG,* supra; *Pueblo v. Torres Medina,* 211 DPR 950 (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank,* supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022). Por tanto, si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69, resuelto el 21 de junio de 2024; *R&B Power, Inc. v. Junta de Subasta ASG,* supra; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con

preferencia. *Íd.*; *Pueblo v. Ríos Nieves,* supra; *FCPR v. ELA et al.,* supra.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.,* 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas,* 168 DPR 771 (2006); *A.E.E. v. Maxon,* 163 DPR 434 (2004). De ordinario, en la adquisición competitiva de bienes y servicios por el gobierno central y municipal, se utiliza el mecanismo de la subasta pública formal o tradicional. *Íd.*; *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019). Asimismo, el *request for proposal* o requerimiento de propuestas es otro mecanismo disponible para que el gobierno adquiera bienes y servicios, caracterizado por su apertura a negociaciones y por ser un procedimiento informal y flexible. *Íd.* Por medio de ambos mecanismos se protegen los intereses del gobierno, toda vez que procuran conseguir los precios más económicos, evitan el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro,* 2024 TSPR 82, resuelto el 24 de julio de 2024, citando a *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 531, citando a *Caribbean Communications v. Pol. de P.R.,* 176 DPR 978, 994 (2009). En ese sentido, nuestro más Alto Foro ha expresado que, en la medida que haya pureza en estos procedimientos, los entes estatales y municipales promoverán la libre competencia entre los postores. *Íd.*

En nuestra jurisdicción, el *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, según enmendado, 21 LPRA sec. 7001 *et seq.* (Código Municipal), rige los procedimientos de las subastas municipales.[2] En lo aquí atinente, el Artículo 1.050 del Código Municipal, 21 LPRA sec. 7081, dispone lo relacionado a la jurisdicción de los tribunales de justicia. En particular, establece que el Tribunal de Apelaciones revisará el acuerdo final o adjudicación de la Junta de Subastas, el cual se notificará por escrito y mediante copia por correo escrito regular y certificado a las partes afectadas. La solicitud de revisión se instará dentro del término jurisdiccional de diez (10) días contados desde el depósito en el correo de la copia de la notificación del acuerdo final o adjudicación. En ese sentido, la notificación deberá incluir: (1) el derecho de las partes afectadas de acudir ante el Foro apelativo para la revisión judicial; (2) el término para apelar la decisión; (3) la fecha de archivo en auto de la copia de la notificación, y (4) a partir de qué fecha comenzará a transcurrir el término.

De igual forma, el Artículo 2.040(e)(7) del Código Municipal, 21 LPRA sec. 7216(e)(7), dispone lo siguiente:

[...]

La adjudicación de una subasta será notificada a todos los licitadores certificando el envío de dicha adjudicación mediante correo certificado con acuse de recibo, o mediante correo electrónico, si así fue provisto por el licitador o licitadores. En la consideración de las ofertas de los licitadores, la Junta podrá hacer adjudicaciones por renglones cuando el interés público así se beneficie. La Junta de Subasta notificará a los licitadores no agraciados las razones por las cuales no se le adjudicó la subasta. **Toda adjudicación tendrá que ser notificada a cada uno de los licitadores, apercibiéndolos del término jurisdiccional de diez (10) días para solicitar revisión judicial de la adjudicación ante el Tribunal de Apelaciones**, de conformidad con la sec. 7081 de este título. (Énfasis nuestro).

[...]

---

[2] Véase, Sección 3.19 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Siendo tardío el recurso de revisión judicial que nos ocupa, estamos impedidos de entender sobre la controversia que plantea. La parte recurrente cuestiona los méritos de una determinación administrativa notificada el 21 de abril de 2025. A partir de esa fecha, disponía de un término jurisdiccional de diez (10) días para acudir ante esta Curia mediante revisión judicial. La parte recurrente instó su recurso ante este Foro apelativo el 6 de mayo de 2025 y, en lo aquí atinente, expresó lo siguiente:

> En Puerto Rico, los términos jurisdiccionales no son prorrogables. Sin embargo, en ciertos casos puede solicitarse una prórroga[,] aunque entendemos que la decisión final recae en el tribunal. Aunque de ordinario la solicitud debe hacerse antes de que expire el término original, si mediare justa causa el tribunal podrá conceder el mismo. El término para presentar el este *[sic]* recurso venció el pasado primero de mayo de 2025. Durante toda la semana del 28 de abril al 4 de mayo de 2025, Puerto Rico entero estuvo bajo fuertes lluvias que provocaron inundaciones repentinas a lo largo de toda la Isla. La suscribiente es residente del municipio de Naguabo, uno de los pueblos con mayor precipitación e inundaciones y el salir a presentar el recurso físicamente como es requerido, representaba un riesgo a la vida[.] [P]or esta razón[,] el recurso se est[á] presentando el día de hoy, apelando a la discreción del tribunal para su revisión.

De conformidad con el cómputo aplicable, en el escenario aquí contemplado, la parte recurrente disponía hasta en o antes del jueves, 1 de mayo de 2025, para someter ante nos su revisión judicial; hecho que fue admitido por la propia recurrente en el precitado párrafo. Sin embargo, dicha gestión se produjo el 6 de mayo de 2025. Ello, vencido el término fatal aplicable.

Contrario a lo propuesto por la parte recurrente, los términos jurisdiccionales son fatales; es decir, no pueden ser prorrogados. En ese sentido, la discreción judicial y la justa causa no son aplicables ante el transcurso de un término de tal naturaleza. Siendo así, el

recurso de autos resulta ser tardío. Por tanto, habiendo acudido ante este Foro tardíamente, no podemos sino declarar nuestra falta de jurisdicción sobre el recurso de autos.

**IV**

Por los fundamentos que anteceden, desestimamos el presente recurso de revisión judicial, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones